PS 8
(Rev. 5/2020)

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF ARKANSAS

MAY 1 7 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK



U.S.A. vs. Aline A Espinosa-Villegas            Docket No. 0860 4:20CR00288 - DPM - 4

**Petition for Summons for Person Under Pretrial Supervision**

COMES NOW Jonathon Wright, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Aline A Espinosa-Villegas, who was placed under pretrial release supervision by the Honorable Joe J. Volpe sitting in the Court at Little Rock, Arkansas, on January 20, 2021, under the following conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)   The defendant must sign an Appearance Bond, if ordered.

(7)   The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(d) surrender any passport to: USPO.
(g) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including: codefendants.
(h) get medical or psychiatric treatment: assessment
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(p) participate in one of the following location restriction programs and comply with its requirements as directed.

    ☒  (i) **Curfew.** You are restricted to your residence every day as directed by the pretrial services office or supervising officer.
(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
    ☒  You must pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.
(s) must maintain regular contact with your attorney, not less than every two weeks.

Jury trial is set for September 27, 2021, before the Honorable D. P. Marshall Jr., Chief U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent violations:** On March 16, 2021, the defendant submitted a urine specimen which tested and confirmed positive for marijuana. An interpretation of results performed by Alere Laboratories determined this to be new use, not residual elimination.

On March 17, 2021, the defendant violated her conditions of release when she returned to her residence at 10:19 PM without prior approval of her supervising officer. The defendant was scheduled to return on March 17, 2021, at 10:00 PM.

On March 18, 2021, the defendant violated her conditions release when she returned to her residence at 10:34 PM without prior approval of her supervising officer. The defendant was scheduled to return on March 18, 2021, at 10:00 PM.

On March 21, 2021, the defendant violated her conditions of release when she returned to her residence at 11:43 PM without prior approval of her supervising officer. The defendant was scheduled to return on March 21, 2021, at 10:00 PM.

On March 25, 2021, the defendant violated her conditions of release when she returned to her residence at 10:26 PM without prior approval of her supervising officer. The defendant was scheduled to return on March 25, 2021, at 10:00 PM.

On March 29, 2021, the defendant violated her conditions of release when she returned to her residence at 10:29 PM without prior approval of her supervising officer. The defendant was scheduled to return on March 29, 2021, at 10:00 PM.

On April 1, 2021, the defendant submitted a urine specimen which tested and confirmed positive for marijuana. Furthermore, on April 9, 2021, the defendant verbally admitted using marijuana.

On April 23, 2021, the defendant was terminated from the inpatient substance abuse treatment program at Recovery Centers of Arkansas.

On April 23, 2021, the defendant had contact with codefendants Emily Nowlin and Renea Goddard.

On May 7, 2021 at 10:49 PM, the defendant violated her condition of release when she intentionally removed the strap of her transmitter without prior approval of her supervising officer, therefore interrupting her electronic monitoring until the equipment was replaced on May 8, 2021, at 11:01 AM.

**Description of previous violations:** On January 28, 2021, the defendant submitted a urine specimen which tested and confirmed positive for marijuana.

On February 1, 2021, the defendant submitted a urine specimen which tested and confirmed positive for marijuana. An interpretation of results performed by Alere Laboratories determined this to be new use, not residual elimination.

On February 25, 2021, the defendant submitted a urine specimen which tested and confirmed positive for marijuana. An interpretation of results performed by Alere Laboratories determined this to be new use, not residual elimination.

**Actions taken to bring the defendant into compliance were as follows:** The probation officer reinstructed the defendant regarding compliance with conditions of release. Staff Training Aimed at Reducing Re-Arrest (STARR) skills were utilized to encourage compliance. The defendant is currently participating in the most intensive phase of drug testing. The defendant was referred to outpatient and inpatient substance abuse treatment provided by Recovery Centers of Arkansas.

**Defendant's compliance with release conditions:** A record check revealed no new arrests.

**OFFICER'S RECOMMENDATION:**

Due to the defendant's drug use and repeated noncompliant behavior, it is recommended the U.S. Attorney's Office requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

| | |
|---|---|
| **I declare under penalty of perjury that the foregoing is true and correct.** | The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion. |
| Jonathon Wright<br>U.S. Probation Officer | Stacy R. Williams<br>Assistant U.S. Attorney |
| Executed on   May 11, 2021 | Executed on   5-17-2021 |

Approved by:

*Bryce D. Geissar*
_____
Acting Supervising U.S. Probation Officer

c:  The Honorable D. P. Marshall Jr., Chief U.S. District Judge
    The Honorable Joe J. Volpe, U.S. Magistrate Judge